## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ERIC ANTHONY DUDLEY,
    *Plaintiff*,

    v.

SOCIAL SECURITY ADMINISTRATION,
    *Defendant.*

No. 3:23-cv-00705 (VAB)

### RULING AND ORDER ON MOTION TO DISMISS

Eric Anthony Dudley ("Mr. Dudley" or "Plaintiff"), appearing *pro se*, has sued the Social Security Administration[1] ("Defendant") and alleges he suffered "public humiliation," "discrimination," "defamation of character" and "slander" during an encounter with an employee of the Social Security Administration. Compl. ECF No. 1 (May 30, 2023) ("Compl."). Mr. Dudley asserts claims under Connecticut General Statutes §§ 52-597 and 46a-58(a) and seeks monetary damages for $100,000.[2] *Id.* at 2, 4.

The Social Security Administration has filed a motion to dismiss Mr. Dudley's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Mot. to Dismiss, ECF No. 24 (October 23, 2023) ("Mot.").

---

[1] Mr. Dudley's caption names the "Social Security Department in Meriden" as the defendant. The Social Security Administration has indicated that it "is not aware of any agency operating in Meriden, [Connecticut] under that name but does operate itself from the address at 321 Research Parkway, Meriden, [Connecticut] that Plaintiff lists in the complaint." Mot. at 7 n.1. As a result, construing his pleadings in the most generous way possible, *see Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*.") (quotation and citation omitted) (emphasis in original), the Court assumes that the intended Defendant is the Social Security Administration, and the caption of this case has been modified accordingly. The Court further respectfully orders the Clerk of Court to amend the caption to reflect the "Social Security Administration," rather than the "Social Security Department."

[2] In his Complaint, Mr. Dudley also lists "Mrs. Clark" as a party Defendant. Compl. at 1. Mr. Dudley listed only the "Social Security Department in Meriden" in the caption of his Complaint, however, and only the Social Security Administration was issued a summons in this case. As a result, the Court assumes that only the Social Security Administration is the intended defendant.

For the following reasons, the motion to dismiss is **GRANTED**.

Mr. Dudley's claims are **DISMISSED** without prejudice for lack of jurisdiction, but without leave to amend.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

On August 29, 2022, while he was at the Social Security Administration's offices in Meriden, CT, Mr. Dudley alleges that an employee, identified as Mrs. Clark, "publicly [h]umiliated" him. Compl. at 3. Mrs. Clark allegedly "yelled to the [s]ecurity g[u]ard to have them escort [Mr. Dudley] out of the Meriden Social Security Department." *Id.* Mr. Dudley alleges to be a minister and that his "reputation was damaged because of Mrs. [C]lark[']s action[s]." *Id.* Mr. Dudley further alleges that he made a sound recording, and allegedly received permission to do so "from Robbin Lawler, who is the Manager of the department."[3] *Id.*

Mr. Dudley also includes additional factual allegations in his second response to the Social Security Administration's motion to dismiss, Second Mem. in Supp. of Opp'n. to Mot. to Dismiss, ECF No. 36 (Nov. 7, 2023). Mr. Dudley alleges that he was visiting the Social Security

---

[3] Mr. Dudley's factual allegations in his form Complaint are listed in their entirety below:

> I was publicly Humiliated by Mrs. [C]lark on August 29th 2022, who works for the Depart[ment].

> I have sound recirdind [sic] that proves facts That Mrs Clark yelled to the Security g[u]ard to have them to escort me out of the Meriden Social Security Department, when it is not against the law to sound record in the Social security office. I am a Minister who was [sic] reputation was damaged because of Mrs [C]larks action. you cannot video record, in the de[p]artment, but you can sound record. i even have a picture that i got consent from Robbin Lawler, who is the Manager of the department.

> The witness was the security guard who works for the dep[a]rtment.

Mr. Dudley claims that his form Complaint was missing two pages, *see* ECF No. 34 at 1, but he has not indicated that he sought to submit these pages to the Court.

Administration because he "was told that [he] was not able to collect SSI." *Id.* at 3. He alleges that at the time of the incident, "Miss Clark got upset and said that I was recording her. At that time I was recording her…[i]t was for note purposes, and to hear what she had to say to me as far as what I had to do." *Id.* at 4. He further alleges that he "explained to [Mrs. Clark] that it's not against for law for [him] to sound record," and afterwards was escorted out of the office by security. *Id.* Mr. Dudley claims that he "feel[s] [he's] being mistreated because of [his] skin color and because of who I am." *Id.* Mr. Dudley further states that he has "two issues with [the Social Security Administration]: first, he "was publicly humiliated. . . by having a security escort [him] out," and second, he does not understand his denial of SSI benefits. *Id.* at 5.

### B.  Procedural History

On May 30, 2023, Mr. Dudley filed his *pro se* form Complaint in this case. Compl.

On June 30, 2023, Mr. Dudley filed a motion for default entry against the Defendant. Mot. for Default, ECF No. 17 (June 30, 2023) ("Mot. for Default").

On July 28, 2023, the Social Security Administration filed its opposition to the motion for default. Opp. to Mot. for Default, ECF No. 19 (July 28, 2023).

On August 23, 2023, the Clerk of Court issued a summons to the Defendant, ECF No. 20, and Mr. Dudley again moved for default entry against the Defendant, ECF No. 21.

On August 25, 2023, the Court denied both motions for default entry, as the Plaintiff never filed proof of service, as required by Fed. R. Civ. P. 4(l) and D. Conn. L. Civ. R. 5(c). Ord., ECF No. 22 (Aug. 25, 2023).

On October 23, 2023, the Social Security Administration filed a motion to dismiss the Complaint for lack of jurisdiction. Mot.; Mem. of L. in Supp. of Mot. to Dismiss, ECF No. 24-1 (Oct. 23, 2023) ("Mem.").

Between November 1, 2023 and November 27, 2023, Mr. Dudley filed several documents in support of his opposition to the Social Security Department's motion to dismiss. Resp. re Mot. to Dismiss, ECF No. 30 (Nov. 1, 2024), Mem. in Supp. of Opp'n. to Mot. to Dismiss, ECF No. 31 (Nov. 2, 2024), Second Resp. re Mot. to Dismiss, ECF No. 32 (Nov. 3, 2024), "Notice" and "Exhibit A," ECF No. 34 (November 7, 2023), "Exhibit B," ECF No. 35 (November 7. 2023), Second Mem. in Supp. of Opp'n. to Mot. to Dismiss, ECF No. 36 (Nov. 7, 2023), Third Mem. in Supp. of Opp'n. to Mot. to Dismiss, ECF No. 38 (Nov. 27, 2023).

On November 27, 2024, the Social Security Administration filed a reply in support of its motion to dismiss. Reply in Supp. of Mot. to Dismiss, ECF No. 40 (Nov. 27, 2024) ("Reply").

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*,

461 F.3d 164, 171 (2d Cir. 2006). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "[A] defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

**B.  Rule 12(b)(6)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The Court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d at 474) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.   DISCUSSION

The Social Security Administration has moved to dismiss this action for lack of subject matter jurisdiction and failure to state a claim, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. More specifically, the Social Security Administration argues that the Complaint (1) relies only on state law and fails to name a federal defendant, and even if the *pro se* Plaintiff intended to file a claim under the Federal Torts Claims Act ("FTCA"), the Complaint fails to assert a claim for intentional conduct under that statute; and (2) fails to plead facts supporting a tort claim. Mem. at 6–9.

Mindful of Mr. Dudley's *pro se* status and the special solicitude afforded to *pro se* litigants, *see Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."),  Mr. Dudley's pleadings suggest claims arising out of two types of alleged injuries: (1) public humiliation and injury to his reputation, and (2) discriminatory treatment.

Thus, the Court will address whether there are actionable claims under the Federal Torts Claims Act, or under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

U.S. 388 (1971) for the violation of the equal protection component of the Fifth Amendment's due process clause.

### A.  The Federal Tort Claims Act

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019). "One such 'limited waiver' of sovereign immunity is provided by the FTCA, which 'allows for a tort suit against the United States under specified circumstances.'" *Id.* (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007)). The FTCA "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005).

The Social Security Administration argues that any claim Mr. Dudley may have under the FTCA must be dismissed for lack of jurisdiction because (1) federal agencies are not proper defendants under the FTCA, (2) Mr. Dudley failed to exhaust administrative remedies, and (3) his claims are based on intentional conduct. Mem. at 6–9.

Mr. Dudley argues that (1) "[b]ecause the Social Security Office in Meriden Connecticut is a branch off of the main SSA located in Baltimore, Maryland . . . this court should have jurisdiction of this case," Resp. re Mot. to Dismiss, ECF No. 30 (Nov. 1, 2024), and (2) "[b]ecause the Social Security Department is a federal agency the Federal Rule[s] of procedure apply to this case. . . . [and] because the state court is not under the Federal Rules of Procedures

this court should have subject matter jurisdiction," Second Resp. re Mot. to Dismiss, ECF No. 32 (Nov. 3, 2024).[4]

The Court disagrees.

Under the FTCA, a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The cause of action authorized by the FTCA "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim," *id.*, except "(1) when an injured plaintiff brings a *Bivens* claim against the government employee, seeking damages for a constitutional violation, or (2) when an injured plaintiff brings an action under a federal statute that authorizes recovery against a government employee." *Davis v. United States*, 430 F. Supp. 2d 67, 72 (D. Conn. 2006) (citing *United States v. Smith*, 499 U.S. 160, 166–67 (1991)).

Federal agencies are not proper defendants under the FTCA. The statute provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). Thus, if a claim falls within the "jurisdictional grant" of the FTCA, "the FTCA

---

[4] Mr. Dudley also contends that the Social Security Administration failed to file its motion to dismiss within the appropriate time limit. Third Mem. in Supp. of Opp'n. to Mot. to Dismiss, ECF No. 38 at 1 (Nov. 27, 2023). But the Court previously ruled that the Defendant's motion to dismiss was timely. *See* Ord., ECF No. 22 (August 23, 2023) ("Although Plaintiff filed this Complaint on May 30, 2023, Plaintiff never filed proof of service, as required by Fed. R. Civ. P. 4(l) and D. Conn. L. Civ. R. 5(c). . . . the time for a defendant to answer a complaint does not begin to run until after service is effectuated properly.") Moreover, this Court, like all federal courts, may *sua sponte* consider motions to dismiss for lack of jurisdiction at any time. Fed. R. Civ. P. 12(h); *Fort Bend Cnty. Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety.").

remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994).

As a result, any FTCA claims Mr. Dudley may have against the Social Security Administration, a federal agency, fail for lack of jurisdiction.[5]

Even if Mr. Dudley had sued the United States specifically as a defendant in this case, this Court would still lack jurisdiction because Mr. Dudley failed to exhaust his administrative remedies.

Under the FTCA,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); *see also Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) ("[A] plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court."). "This procedural hurdle applies equally to litigants with counsel and to those proceeding *pro se*." *Adeleke*, 355 F.3d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). The FTCA's requirement that a claimant exhaust all administrative remedies before commencing an action in federal court "is jurisdictional and cannot be waived." *Celestine*, 403 F.3d at 80.

---

[5] Moreover, while elsewhere in his Complaint Mr. Dudley lists a federal employee, Mrs. Clark as a Defendant, Compl. at 1, he does not claim that her allegedly wrongful acts were taken outside the scope of her employment. Thus, Mrs. Clark would likewise be immune from suit under the FTCA. *See Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) (because the individual defendants were acting within the scope of their employment, they "are immune from suit on plaintiffs' claims of common-law tort").

"The plaintiff . . . bears the burden of showing that [he] exhausted [his] administrative remedies by presenting [his] claim to the appropriate federal agency before filing suit." *Cooke*, 918 F.3d at 81 (citing 28 U.S.C. § 2675(a); *Payne v. United States*, 10 F. Supp. 2d 203, 204 (N.D.N.Y. 1998)).

Mr. Dudley fails to meet this burden. Mr. Dudley does not allege that he reported the incident to the Social Security Administration or sought an administrative claim challenging the denial of supplemental security income benefits.

Moreover, Mr. Dudley's tort claims based on his allegations of slander, public humiliation, or damage to his reputation are further barred under the FTCA's exception for intentional torts. The FTCA provides an exception for intentional torts and "preserves the government's sovereign immunity for 'assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Gonzalez v. United States*, No. 16-CV-1494 (KAM), 2018 WL 1597384, at *7 (E.D.N.Y. Mar. 31, 2018) (quoting 28 U.S.C. § 2680(h)). To determine whether the exception provided by § 2680(h) applies, a court looks "not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim." *Dorking Genetics v. United States*, 76 F.3d 1261, 1265 (2d Cir. 1996) (quotation and citation omitted). This exception "applies to claims arising out of negligent, as well as intentional, misrepresentation." *Block v. Neal*, 460 U.S. 289, 295 (1983).

Mr. Dudley's claims center around allegations that employees at the Social Security Administration harmed his reputation and caused him humiliation, and Mr. Dudley expressly states that he intends to bring claims for "slander," "defamation of character" and "public humiliation." These claims of reputational harm are inextricably linked with the kinds of

intentional torts, such as libel and slander, that the FTCA expressly prohibits. *See Talbert v. United States*, 932 F.2d 1064, 1066–67 (4th Cir. 1991) (dismissing FTCA claim that "resound[s] in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly." (quoting *Jimenez–Nieves v. United States*, 682 F.2d 1, 6 (1st Cir. 1982))); *Brockway v. VA Connecticut Healthcare Sys.*, No. 10-CV-719, 2012 WL 2154263, *9 (D. Conn. June 13, 2012) (same).

Accordingly, Mr. Dudley's tort claims will be dismissed for lack of subject matter jurisdiction.

### B.  The *Bivens* Claim

Mr. Dudley also asserts a claim for "discrimination" in his Complaint. As Mr. Dudley is proceeding against federal actors, the Social Security Administration, he does not have a claim under 42 U.S.C. § 1983, *see Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("This court has long construed the phrase 'under color of state law' as used in [§ 1983] to apply only to state actors, not federal officials." (citations omitted)), and must bring a claim under *Bivens*. *Iqbal*, 556 U.S. at 675–76 (calling a *Bivens* claim "the federal analog to suits brought against state officials under . . . § 1983").

But *Bivens* claims against the United States and federal agencies are barred by sovereign immunity, and can only proceed against federal officials. *See Meyer*, 510 U.S. at 486 ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("[T]he purpose of *Bivens* is to deter *the officer*, not the agency." (internal quotations and citation omitted) (emphasis in original)).

12

As Mr. Dudley brings this action against a federal agency, the Social Security Administration, his *Bivens* claim fails.[6]

Accordingly, any claim of discrimination brought against the Social Security Administration under *Bivens*, the only viable legal means for bringing such a claim, will be dismissed.

### C.  The Failure to State a Claim

Because the Court lacks federal subject matter jurisdiction over Mr. Dudley's claims, it need not consider whether Mr. Dudley failed to properly state a claim under the Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Nevertheless, even if the Court had jurisdiction over Mr. Dudley's claims, his Complaint lacks the detail necessary to meet his burden under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[6] Even if Mr. Dudley were to bring a *Bivens* claim against a federal official, such as Mrs. Clark, his claim would fail. The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After deciding these three cases, the Supreme Court "made [it] clear that expanding the Bivens remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), and that a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress[.]'" *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (quoting *Carlson*, 446 U.S. at 18). The Court construes Mr. Dudley's allegation of "discrimination" as asserting Fifth Amendment equal protection claims arising from his interactions with employees of the Social Security Administration. As this does not fall within the three enumerated types of *Bivens* claims described above, he claim seeks to apply *Bivens* in a new context. Given that Mr. Dudley has failed to exhaust administrative remedies, such as an appeal to the Social Security Administration, special factors counsel against expanding the *Bivens* remedy to Mr. Dudley's equal protection claim. *Ojo v. United States*, 364 F. Supp. 3d 163, 174 (E.D.N.Y. 2019) (discussing alternative remedies available for equal protection claim and finding no implied *Bivens* remedy).

to "state a claim to relief that is plausible on its face.'" (citing *Twombly*, 550 U.S. at 570));

*Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." (internal quotations and citations omitted)).

 As discussed previously, intentional torts such as slander may not be brought under the

FTCA.  28 U.S.C. § 2680(h) (Stating the FTCA shall not apply to "any claim arising out of

assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

slander, misrepresentation, deceit, or interference with contract rights"). Regardless, even

assuming Mr. Dudley had properly brought a claim for slander, this claim would be dismissed

for failure to plead a claim.

 "A prima facie case of defamation—whether slander or libel—requires proof that: 1)

defendant published a defamatory statement, 2) to a third person, 3) which identified plaintiff,

and 4) caused injury to plaintiff's reputation as a result. *Consolie v. Wal-Mart Stores, Inc.*, No.

05-CV-1021 (JBA), 2007 WL 2874606, at *4 (D. Conn. Sept. 27, 2007), aff'd, No. 07-4720-CV,

2009 WL 579422 (2d Cir. Mar. 4, 2009). "[F]or a claim of defamation to be actionable, the

statement must be false." *Cweklinsky v. Mobil Chem. Co.*, 837 A.2d 759, 770 (Conn. 2004). "As

the Connecticut Supreme Court has explained, 'the modern rule is that only substantial truth

need be shown to constitute the justification. . . . It is not necessary for the defendant to prove the

truth of every word of the libel. If he succeeds in proving that the main charge, or gist, of the

libel is true, he need not justify statements or comments which do not add to the sting of the

charge or introduce any matter by itself actionable. . . .'" *Powell v. Jones-Soderman*, 433 F.

Supp. 3d 353, 374 (D. Conn. 2020), aff'd, 849 F. Appx. 274 (2d Cir. 2021) (citing *Goodrich v.

Waterbury Republican–American, Inc.*, 448 A.2d 1317, 1322 (Conn. 1982)) Although Mr.

Dudley alleges that "his reputation was damaged," Compl. at 3, he does not allege that Social Security Administration or its employees made a defamatory statement, let alone a statement that was known to be untrue. Mr. Dudley thus fails to plead a cognizable claim for slander.

For his *Bivens* claim, "[i]n order to plead a Fifth Amendment claim for discrimination, a plaintiff must allege facts showing one of three things: (1) that a law or policy is discriminatory on its face; (2) that a facially neutral law or policy has been applied in an intentionally discriminatory manner; or (3) that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus." *Aguilar v. Immigration & Customs Enf't Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 819 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). In his Complaint, Mr. Dudley states that he suffered "discrimination." Compl. at 2. This conclusory statement does not allege that any policy or law was facially or as-applied discriminatory. Even construing Mr. Dudley's claims liberally and assuming Mr. Dudley intended to challenge the Social Security Administration's alleged policies regarding making recordings, this policy is facially neutral and Mr. Dudley does not claim that it was applied in an intentionally discriminatory manner or was motivated by discriminatory animus. Thus, Mr. Dudley fails to plead a *Bivens* claim under the Fifth Amendment's Equal Protection Clause.

### D. Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

It is well established that in federal court a plaintiff "must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations, or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations and quotation marks omitted).

As discussed above, Mr. Dudley's FTCA and *Bivens* claims against the Defendant, a federal agency, are barred under the doctrine of sovereign immunity. *Meyer*, 510 U.S. at 474, 486 (holding that federal agencies may not be sued under the FTCA ("if a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive and the federal agency cannot be sued in its own name" (internal quotations omitted)), or under *Bivens* ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.")).

Therefore, even if Mr. Dudley were to file an Amended Complaint against the Social Security Administration, because this Court will lack federal subject matter jurisdiction over this case any such amendment would be futile. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("One good reason to deny leave to amend is when such leave would be futile."). *Koso v. Haegele*, No. 18-CV0-4400 (JMA) (AYS), 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11, 2018) ("Because there is a lack of subject matter jurisdiction, which could not be cured if afforded an opportunity to amend [Plaintiff's] complaint, leave to amend the complaint is denied.").

When a federal court lacks subject matter jurisdiction, it may not dismiss a case with prejudice. *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

Accordingly, Mr. Dudley's Complaint will be dismissed without prejudice, but without leave to amend it. *See Viera v. Weir*, No. 15-CV-1292 (VLB), 2015 WL 5472841, at *2 (D. Conn. Sept. 16, 2015) (dismissing claims barred by state sovereign immunity without prejudice and without leave to replead).

17

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

Mr. Dudley's claims are **DISMISSED** without prejudice but without leave to amend.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 16th day of August, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE